11th Court of Appeals
Eastland, Texas
Opinion
 
Franklin Eugene Arie
            Appellant
Vs. Nos. 11-03-00325-CR, 11-03-00326-CR, & 11-03-00327-CR – Appeals from Harris County 
 State of Texas 
            Appellee
 
            The jury convicted Franklin Eugene Arie of three offenses of aggravated robbery, found the
enhancement allegations to be true, and assessed appellant’s punishment at confinement for life for
each offense. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he states that these appeals
present no meritorious issues for review. Counsel analyzes the indictment, the pretrial proceedings,
the voir dire proceedings, the sufficiency of the evidence, the charge to the jury, and the punishment
proceedings and concludes that trial counsel provided reasonably effective assistance and that the
evidence is both legally and factually sufficient. 
            Counsel has furnished appellant with a copy of the brief and advised appellant of his right
to review the record and to file a pro se brief. A pro se brief has been filed. Counsel has complied
with the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State,
516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In his pro se brief, appellant contends that the trial court failed to instruct the jury concerning
accomplice testimony, that the trial court erred in failing to instruct the jury at the punishment phase
as to the burden of proof concerning prior convictions, and that the trial court erred in admitting
evidence of his 1987 conviction for carrying a weapon. In three points, appellant challenges the
effectiveness of his trial counsel. 
            First, appellant argues that Glen Brinegar was a party to the aggravated robberies. Therefore,
appellant contends that the trial court should have given an instruction on the law of parties. We
disagree.
            Brinegar testified that he knew appellant because appellant had dated his niece Stephanie
Keller. On January 16, 2003, Brinegar, Keller, appellant, and appellant’s sister were riding around
in Brinegar’s car. Brinegar was driving, and appellant and Keller were “completely out of it” on pills
and alcohol. They went to a truck stop, and appellant’s sister “went to go make some money.” 
Brinegar and Keller waited. Appellant and his sister got out of an 18-wheeler rig and got back into
Brinegar’s car. Keller drove the car to a Shell station. Appellant was sitting in the front seat, and
Brinegar and appellant’s sister were in the back. 
            Brinegar testified that, when they stopped at the Shell station, appellant said that he was
going to get some money. Appellant came back to the car with an 18-pack of Bud Light and with
some money in his hand. Keller drove back to the truck stop, and they left appellant’s sister there. 
Keller, Brinegar, and appellant drove to a Chevron station, and appellant went into the store. This
time, appellant returned to the car carrying a box of Marlboro Lights, and Brinegar did not see any
money in appellant’s hands. 
            They went back to the truck stop but could not find appellant’s sister. They then drove to a
Whataburger, and appellant got out of the car. He was not carrying anything when he came back into
the car. They drove to appellant’s mother’s house to see if Keller could spend the night there. When
appellant’s mother said no, Brinegar drove to appellant’s brother’s house. There, appellant and his
brother started to argue about a gun. Brinegar testified that he did not know what gun they were
fighting about. As he was backing out of the driveway, Brinegar heard a gunshot. 
            Brinegar testified that he knew someone was shot but he did not know who. Brinegar had
his niece drop him off at a Shell station, and he stayed there for a while. He then walked down the
road, and the police stopped him and asked him if he knew anything about a robbery that occurred
that night. Brinegar told the officers that appellant had gone into the Shell station, the Chevron
station, and the Whataburger. 
            Brinegar testified at trial that he did not know what appellant was doing at the places where
they stopped, that appellant did not give him any money, and that he had not seen a gun in
appellant’s hand. Brinegar did not remember why they had stopped at the Shell station, the Chevron
station, or the Whataburger. He also said that he was a “little bit” afraid of appellant. 
            The record does not support appellant’s contention that Brinegar was responsible as a party
and that such an instruction was warranted. There was no evidence that Brinegar participated before,
during, or after the offense with the required mental state so that he was susceptible to prosecution
for the same or a lesser included offense. TEX. CODE CRIM. PRO. ANN. arts. 7.01, 7.02, & 38.14
(Vernon 1977 & 1979); Paredes v. State, 129 S.W.3d 530, 536 (Tex.Cr.App.2004). Trial counsel
did not err in failing to request, and the trial court did not err in failing to give, a jury instruction on
parties. This point is overruled. 
            Appellant also complains that the trial court erred by failing to charge the jury at the
punishment phase that the burden of proof was beyond a reasonable doubt. We disagree.
            At the punishment hearing, the State introduced evidence of appellant’s 1991 Texas
conviction for aggravated robbery, his 1993 Illinois conviction for robbery, his 1999 Illinois
conviction for robbery, and his 1987 Texas conviction for carrying a weapon. TEX. CODE CRIM.
PRO. ANN. art. 37.07, § 3 (Vernon Supp. 2004) provides that unadjudicated extraneous offenses
and bad acts must be proved beyond a reasonable doubt; however, there is no requirement that prior
final convictions must be proved beyond a reasonable doubt as appellant argues. Bluitt v. State, No.
723-02, 204 WL 1259867 (Tex.Cr.App., June 9, 2004). Therefore, no error occurred when trial
counsel did not ask and the trial court did not give such an instruction. This point is overruled.
            Appellant argues that the trial court erred in admitting State’s Exhibit No. 11, the judgment
and sentence from his 1987 conviction for carrying a weapon. The exhibit was properly admitted
pursuant to Article 37.07, section 3(a)(1). This contention is overruled.
            Appellant further argues that he was denied the effective representation by his trial counsel. 
In order to determine whether appellant’s trial counsel rendered ineffective assistance at trial, we
must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). We
must indulge a strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance, and appellant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy. Stafford v. State, supra.
            Appellant specifically contends that his counsel was ineffective because she failed to object
to State’s Exhibit No. 11, because she failed to request instructions on the burden of proof as to his
prior final convictions, because she failed to object to Brinegar’s testimony, and because she failed
to request an instruction on the law of accomplice testimony. As stated above, none of these
instances constituted error; therefore, none resulted in appellant’s denial of reasonably effective
representation.
            Appellant also argues that his trial counsel was ineffective because she was appointed only
on the day of trial, because she failed to move to sever the offenses, and because she failed to
suppress evidence concerning the gun. The record does not support appellant’s arguments.
            The record reflects that, at the end of the voir dire proceedings on September 2, 2003,
appellant informed the court that he was unhappy with his trial counsel. Appellant told the trial court
that trial counsel had been representing him for eight months and that he felt that she had done
“absolutely nothing” for him. The trial court reminded appellant that his trial counsel had
investigated the case and was prepared for trial. Appellant continued to tell the trial court that
counsel did not care what happened to him and that she was ineffective. The exchange ended with
the trial court warning appellant that, if he continued to “disrupt the proceedings any more by yelling
at the jury, by yelling at [his] lawyer, then [he could not] stay in” the courtroom. The trial court
further informed appellant that this was “the word of warning” because appellant was not helping
himself with his actions or by his demeanor. Counsel’s failure to request a severance appears to have
been sound trial strategy. Had the offenses been severed and separate trials conducted, conviction
of more than one offense could have resulted in the trial court, in its discretion, ordering the sen-tences to run consecutively or to be “stacked.” TEX. PENAL CODE ANN. § 3.04(b) (Vernon
2003). However, by allowing the offenses to be consolidated, in the event of the conviction of more
than one offense, the sentences would have to run concurrently and could not have been stacked. 
TEX. PENAL CODE ANN. § 3.03(a) (Vernon 2003). The record does not reflect any ground upon
which trial counsel could have attempted to suppress evidence concerning the gun. All of appellant’s
challenges to the effectiveness of his trial counsel are overruled. 
            All of appellant’s arguments in his pro se brief have been considered. Each argument is
overruled.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We agree that the appeals are without merit.
             Bimal Joshi testified that, on January 16, 2003, he was the cashier at the Humble Shell
station. At approximately 9:54 p.m., appellant came into the store and attempted to purchase an 18-pack of beer. When Joshi asked appellant for identification, appellant pulled a gun and said: “I
don’t have ID, but I have this.” Joshi feared for his life and gave appellant the money as requested. 
            Opal Boudreaux testified that, on January 16, 2003, she was working as the nighttime cashier
at the Chevron station. At 11:42 p.m., appellant came up to the cash register and asked for a package
of Marlboro Lights. Boudreaux turned to reach for the cigarettes. When she turned back to face
appellant, he pointed a gun at her stomach and asked for all of her money. Boudreaux testified that
she thought appellant would kill her. She handed him the cash, and he left. 
            Basel Loo testified that he was the manager of the Whataburger on I-45 and Louetta. Loo
testified that appellant entered the Whataburger on January 17, 2003, at 12:45 a.m., asked for money,
and said that he had a gun in his pocket. When Loo asked to see the gun, appellant pulled out a
pistol. Loo testified that, at that point, he knew “this was real” and that he was afraid that appellant
might shoot him or one of his employees. Loo opened the register, and appellant removed the cash. 
            When all of the evidence is viewed in the light most favorable to the verdicts, we find that
a rational trier of fact could have found the essential elements of the offenses beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.
2000). Therefore, the evidence is legally sufficient to support the convictions. After viewing all of
the evidence in a neutral light, we do not find that the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or that the evidence contrary to the verdict is so
strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State,
No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958
S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). The evidence
is factually sufficient to support the convictions. 
            The judgments of the trial court are affirmed.
 
                                                                                    PER CURIAM
 
September 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.